**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAVID SCHOOLEY | : | |
| | : | |
| v. | : | **Case No.: 2:20-cv-04410-JDW** |
| | : | |
| ENVIRONMENTAL and | : | |
| INFRASTRUCTURE GROUP, LLC, et al. | : | |
| | : | |

**FIRST AMENDED COMPLAINT**

***Parties***

1. Plaintiff David Schooley is an adult individual and citizen of the State of Oregon who resides at the above captioned address.

2. At all times material hereto, Defendant Environmental and Infrastructure Group, LLC t/a and/or d/b/a "EIG" (hereinafter referred to as "EIG") was a limited liability company with a principal place of business located at the above captioned address.

3. At the time of the incident, which is the subject of this complaint, Defendant EIG's officers/members were citizens of the following states:

   a. Thomas Iovino, Chariman (College Point, NY);

   b. Edmund Vernier Jr., Vice Presidnet (Bristol PA);

   c. Michael Duffy, Secretary (Bristol, PA); and

   d. David Miller, Director (College Point, NY).
      See ***Exhibit A.***

4. Defendant James J. Anderson Construction Company, Inc. (hereinafter referred to as "JJA") is a business entity organized and existing by virtue of the laws of the Commonwealth of Pennsylvania with a principal place of business located at the above captioned address.

1

5. Defendant Commonwealth of Pennsylvania (hereinafter "Commonwealth") is a state agency with a principal place of business located at the above captioned address.

6. Defendant Pennsylvania Department of Transportation is a state agency (hereinafter referred to as "PennDOT") is a state agency with a principal place of business located at the above captioned address.

7. Defendant City of Philadelphia (hereinafter "City") is a local agency with a principal place of business located at the above captioned address.

8. The Defendant EIG and/or Defendant JJA and/or Defendant Commonwealth and/or Defendant PennDOT and/or Defendant City may, at times, be collectively referred to as "DEFENDANTS".

***Notice***

9. Notice of the claim, pursuant to 42 Pa. C.S. §5522(a) was sent to the Defendant Commonwealth of Pennsylvania on August 21, 2019.

10. Notice of the claim, pursuant to 42 Pa. C.S. §5522(a) was sent to the Defendant City of Philadelphia on August 21, 2019.

11. Notice of the claim, pursuant to 42 Pa. C.S. §5522(a) was sent to the Defendant PennDOT on August 21, 2019.

12. A copy of the notice letters are attached hereto as ***Exhibit B***.

***Jurisdiction and Venue***

13. Jurisdiction is proper pursuant to 28 U.S.C. §1332(a)(1) as the amount in controversy exceeds $75,000.00 and the Plaintiff is a citizen of the State of Oregon and Defendants JJA, PennDOT, Commonwealth and City are citizens of the Commonwealth of Pennsylvania.

14. The Defendant EIG is an LLC and its members are all citizens of the State of New York or the Commonwealth of Pennsylvania and none of its members are citizens of the State of Oregon.  *See **Exhibit A.***

15. None of the Defendants are citizens of the State of Oregon and therefore diversity jurisdiction is proper.

16. Venue is proper pursuant to 28 U.S.C. §1391(b)(1) as the Defendants' negligence and the Plaintiff's injuries occurred in Philadelphia County, which is located within the Eastern District.

***The Facts***

17. At all times relevant hereto, Plaintiff was employed by Iovino Enterprises as a safety director.

18. At all times relevant hereto, Defendant EIG and/or Defendant JJA and/or Defendant Commonwealth and/or Defendant PennDOT and/or Defendant City owned, leased, possessed, managed, maintained and/or controlled the property located 39°58'42.3"N, 75°06'36.1"W which is an area of land below I-95, east of Salmon St., south of E. Cambria St., and north of E. Somerset St. (hereinafter referred to as the "Property").

19. The Property is located on the land beneath and between exit 23 (Girard/Delaware) and Exit 25 (Allegheny/Castor).

20. As of August 6, 2019, the Property was part of a construction site pertaining to the I-95 Revive Project.

21. According to 95revive.com, a website maintained by Defendant PennDOT:

> **I-95 PROJECT OVERVIEW**
> PennDOT is working on a long-term, multi-phase infrastructure initiative to rebuild and improve Interstate 95 in Pennsylvania.

22. Further according to 95revive.com,

3

**I-95 SECTION GIR (I-95/GIR)**
Under this project, PennDOT is reconstructing and improving the interchange at Girard Avenue and approximately three miles of the adjoining interstate between Race Street, north of I-676, and Allegheny Avenue. This project is currently under construction and will be completed under seven separate contracts, or "Sections."

23. It is believed and averred that the Property was owned by Defendant City and/or Defendant Commonwealth.

24. It is believed and therefore averred that Defendant Commonwealth charged Defendant PennDOT with performing the I-95 Demolition Project at the I-95/GIR section of the project.

25. According to a letter from the Defendant Commonwealth dated March 6, 2020:

> *The PA Department of Transportation advises that a private contractor performed the work being done at the time and location of your incident. The contractor's name and address is as follows:*
>
> > *James J. Anderson Construction Co., Inc.*
> > *6958 Torresdale Avenue, Suite 200*
> > *Philadelphia, PA 19135*
>
> *See **Exhibit C.***

26. Accordingly, Defendant JJA was the general contractor in charge of the I-95/GIR section of the I-95 Project.

27. As of August 6, 2019, Defendant JJA hired Defendant EIG as a subcontractor to perform demolition work on the I-95 Project.

28. As of August 6, 2019, Defendant EIG is owned by Plaintiff's employer Iovino Enterprises but is a separate legal entity from Iovino Enterprises.

29. Plaintiff was on the job site in his capacity as a safety director to oversee the work being performed by Defendant EIG.

4

30. As of August 6, 2019, the DEFENDANTS had a duty to keep and maintain the aforementioned Property in a reasonably safe condition.

31. On the aforementioned date, time, and place Plaintiff was lawfully working at, on, and/or near the Property.

32. On the aforementioned date time and place there existed on the Property a hole approximately 5 feet deep which was covered by a piece of plywood.

33. The piece of plywood covering the large hole was deteriorating, dilapidated, flimsy, weak, and of insufficient strength to provide safe and adequate coverage of the hole, thus rendering the Property dangerous, hazardous, and unsafe.

34. There were no warnings on and/or near the plywood warning persons lawfully upon the Property, including the Plaintiff, of the dangers of stepping on the plywood.

35. Further, there was also no indication or warning on and/or near the plywood, warning persons upon the Property that there was a hole beneath the plywood.

36. There were no warnings anywhere on the Property of the dangers of stepping on the plywood.

37. No verbal warnings were given to the Plaintiff by any of the DEFENDANTS regarding the dangerous, hazardous, and unsafe condition of the Property.

38. The Defendant EIG and/or Defendant JJA and/or Defendant City and/or Defendant Commonwealth and/or Defendant PennDOT carelessly, negligently, and/or intentionally placed the plywood over the hole to conceal the dangerous, hazardous, and unsafe condition of the Property.

39. The dangerous, hazardous, and unsafe condition of the Property had existed in the aforesaid condition for a long time prior to August 6, 2019.

5

40. The Defendant EIG and/or Defendant JJA and/or Defendant Commonwealth and/or Defendant PennDOT and/or Defendant City had actual and/or constructive notice of the existence of the dangerous, hazardous, and unsafe condition of the Property for a long time prior to August 6, 2019.

41. On or about August 6, 2019 Plaintiff was a business invitee lawfully upon the Property in the course and scope of his employment with Iovino Enterprises.

42. On or about August 6, 2019 Plaintiff stepped on the piece of plywood.

43. When Plaintiff stepped on the piece of plywood, it collapsed, broke, gave way, deteriorated, cracked, split, and/or otherwise gave way causing Plaintiff to twist, trip, stumble, and/or fall into the 5-foot hole which had been concealed by the plywood and causing the Plaintiff to sustain the injuries more specifically set forth below.

44. Plaintiff did not have actual or constructive notice of the hole and/or the plywood concealing the hole prior to the incident of August 6, 2019 which caused his injuries.

45. Plaintiff was never warned of the dangerous condition of the Property by any of the DEFENDANTS.

46. Plaintiff's injuries were a direct and proximate result of the negligence and carelessness of the DEFENDANTS and were in no manner due to any act or omission on the part of the Plaintiff.

47. As a result of the negligence and carelessness of the DEFENDANTS, Plaintiff suffered severe, disabling, and permanent injuries including but not limited to: comminuted displaced fractures involving the 3rd, 4th, and 5th metatarsals of the left foot, left foot Sural Nerve neuritis, antalgic gait, together with excruciating physical pain, emotional anguish, a severe shock to his entire nervous system, and other secondary problems and

complications, the full extent of which are not yet known, some or all of which are permanent in nature.

48. Plaintiff's injuries necessitated the need for surgery in the nature of open-reduction, internal fixation with the placement of pins, screws, and/or plates.

49. As a further result of the negligence and carelessness of the DEFENDANTS as set forth below, Plaintiff has been forced to expend and will be forced to expend in the future large and various amounts of money for hospitalization, medical care, surgical care, injections, and/or rehabilitative care to attend to, treat, alleviate, minimize and/or cure himself of the aforementioned injuries.

50. As a further result of the negligence and carelessness of the DEFENDANTS, Plaintiff has suffered a severe loss of earnings and impairment of his earning capacity and power.

51. As a further result of the negligence and carelessness of the DEFENDANTS, Plaintiff has been prevented from performing his usual and daily activities and duties and will be prevented from attending to these activities and duties for an indefinite time into the future all to his great embarrassment, humiliation, detriment and loss of life's pleasures and enjoyment.

**COUNT I**
**NEGLIGENCE**
**PLAINTIFF DAVID SCHOOLEY v. DEFENDANT EIG**

52. Plaintiff incorporates the preceding paragraphs as though set forth at length herein.

53. At all times material hereto, Plaintiff was a business invitee lawfully upon the Property.

54. At all times material hereto EIG acted and/or failed to act by and through its agents, servants, workmen, and/or employees who were at all times material hereto acting and/or failing to act in the course and scope of his/her/their employment with Defendant EIG.

7

55. Defendant EIG is therefore vicariously liable for the acts and/or omissions its agents, servants, workmen, and/or employees.

56. As of August 6, 2019, Defendant EIG possessed, managed, maintained, and/or controlled the Property.

57. The Defendant EIG had a duty to keep its business invitees safe and free from harm.

58. The Defendant EIG as the possessor of the Property, had a duty to use reasonable care to make the Property safe and/or warn the Plaintiff of the dangerous condition of the Property.

59. The Defendant EIG as the possessor of the Property, also had a duty to use reasonable care to discover and/or inspect for dangerous conditions.

60. Plaintiff was a business invitee lawfully upon the Property on August 6, 2019 when he sustained serious bodily injuries.

61. The injuries sustained by the Plaintiff were caused by the careless and negligent acts and/or omissions of the Defendant EIG and/or its agents, servants, workmen, and/or employees who breached its duties owed to the Plaintiff as a business invitee.

62. Defendant EIG was negligent and careless in the following particular respects:

    a. Failing to use reasonable care to make the Property safe;

    b. Failing to warn the Plaintiff of the dangerous condition on the Property;

    c. Failing to use reasonable care to discover the dangerous condition;

    d. Failing to use reasonable care to inspect for dangerous conditions upon the Property;

    e. Creating the existence of a dangerous, hazardous, and unsafe condition on the Property;

f.  Permitting the existence of a dangerous, hazardous, and unsafe condition on the Property;

g.  Failing to exercise reasonable care to protect invitees lawfully upon the Property, including the Plaintiff, of the dangerous, hazardous, and unsafe condition of the Property;

h.  Failing to take measures to alleviate the dangerous condition of the Property;

i.  Failing to exercise reasonable care to make the dangerous condition safe.

j.  Failing to adequately inspect the Property;

k.  Failing to maintain the Property in a reasonably safe condition;

l.  Failing to warn Plaintiff of the aforementioned dangerous, hazardous, and unsafe condition of the Property;

m.  Failing to warn Plaintiff of the aforementioned dangerous, hazardous, and unsafe condition of the plywood;

n.  Failing to warn Plaintiff that the plywood covered a hole;

o.  Failing to fill the hole which Defendant knew caused a dangerous, hazardous, and unsafe condition;

p.  Failing to adequately protect persons upon the Property, including the Plaintiff, from the hole by using a deteriorating, dilapidated, flimsy, weak, to cover the hole;

q.  Failing to adequately protect persons upon the Property, including the Plaintiff, from the hole by a piece of plywood of insufficient strength to support the weight of an individual stepping on the plywood;

r.  Failing to place proper and adequate warning signs near the hole;

s.  Failing to use cones, tape, barriers, signs, or other adequate safety measures to warn persons upon the Premises, including the Plaintiff of the dangerous condition;

t.  Intentionally concealing the hole with a piece of plywood;

u.  Violating OSHA rules and regulations including but not limited to:

    i.  29 CFR 1926.501(a);

    ii.  29 CFR 1926.501(b)(4);

    iii.  29 CFR 1926.502 (a);

    iv.  29 CFR 1926.502 (b)(11);

    v.  29 CFR 1926.502 (i)(2);

    vi.  29 CFR 1926.502 (i)(4);

    vii.  29 CFR 1910.21;

    viii.  29 CFR 1910.22 (a);

    ix.  29 CFR 1910.28(b)(3)(i)(A);

    x.  29 CFR 1910.28(b)(3)(i)(B);

    xi.  29 CFR 1910.29.

63. The Defendant knew, or by the exercise of reasonable care should have known, of the dangerous condition of the Property.

64. The Defendant knew, or by the exercise of reasonable care should have known, that the dangerous condition created an unreasonable risk of harm to invitees upon the Property, including the Plaintiff.

65. The Defendant should have expected that the invitees lawfully upon the Property, including the Plaintiff, would not discover or realize the dangerous condition.

66. The Defendant knew or should have expected that the invitees lawfully upon the Property, including the Plaintiff, would not be able to protect themselves from the dangerous condition.

67. The Plaintiff did not know or have reason to know of the dangerous condition and the risk involved.

68. The Plaintiff's injuries were a direct and proximate result of the carelessness and negligence of the Defendants as described herein and were in no matter due to any act or omission on the part of the Plaintiff.

**WHEREFORE**, Plaintiff demands judgment in his favor and against the Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with costs, interest and other relief as this Court deems to be proper and just.

## COUNT II
## NEGLIGENCE
## PLAINTIFF DAVID SCHOOLEY v. DEFENDANT JJA

69. Plaintiff incorporates the preceding paragraphs as though set forth at length herein.

70. At all times material hereto, Plaintiff was a business invitee lawfully upon the Property.

71. At all times material hereto JJA acted and/or failed to act by and through its agents, servants, workmen, and/or employees who were at all times material hereto acting and/or failing to act in the course and scope of his/her/their employment with Defendant JJA.

72. Defendant JJA is therefore vicariously liable for the acts and/or omissions its agents, servants, workmen, and/or employees.

73. As of August 6, 2019, Defendant JJA possessed, managed, maintained, and/or controlled the Property.

74. The Defendant JJA had a duty to keep its business invitees safe and free from harm.

75. The Defendant JJA as the possessor of the Property, had a duty to use reasonable care to make the Property safe and/or warn the Plaintiff of the dangerous condition of the Property.

11

76. The Defendant JJA as the possessor of the Property, also had a duty to use reasonable care to discover and/or inspect for dangerous conditions.

77. Plaintiff was a business invitee lawfully upon the Property on August 6, 2019 when he sustained serious bodily injuries.

78. The injuries sustained by the Plaintiff were caused by the careless and negligent acts and/or omissions of the Defendant JJA and/or its agents, servants, workmen, and/or employees who breached its duties owed to the Plaintiff as a business invitee.

79. Defendant JJA was negligent and careless in the following particular respects:

   a. Failing to use reasonable care to make the Property safe;

   b. Failing to warn the Plaintiff of the dangerous condition on the Property;

   c. Failing to use reasonable care to discover the dangerous condition;

   d. Failing to use reasonable care to inspect for dangerous conditions upon the Property;

   e. Creating the existence of a dangerous, hazardous, and unsafe condition on the Property;

   f. Permitting the existence of a dangerous, hazardous, and unsafe condition on the Property;

   g. Failing to exercise reasonable care to protect invitees lawfully upon the Property, including the Plaintiff, of the dangerous, hazardous, and unsafe condition of the Property;

   h. Failing to take measures to alleviate the dangerous condition of the Property;

   i. Failing to exercise reasonable care to make the dangerous condition safe.

   j. Failing to adequately inspect the Property;

   k. Failing to maintain the Property in a reasonably safe condition;

l.  Failing to warn Plaintiff of the aforementioned dangerous, hazardous, and unsafe condition of the Property;

m.  Failing to warn Plaintiff of the aforementioned dangerous, hazardous, and unsafe condition of the plywood;

n.  Failing to warn Plaintiff that the plywood covered a hole;

o.  Failing to fill the hole which Defendant knew caused a dangerous, hazardous, and unsafe condition;

p.  Failing to adequately protect persons upon the Property, including the Plaintiff, from the hole by using a deteriorating, dilapidated, flimsy, weak, to cover the hole;

q.  Failing to adequately protect persons upon the Property, including the Plaintiff, from hole by a piece of plywood of insufficient strength to support the weight of an individual stepping on the plywood;

r.  Failing to place proper and adequate warning signs near the hole;

s.  Failing to use cones, tape, barriers, signs, or other adequate safety measures to warn persons upon the Premises, including the Plaintiff of the dangerous condition;

t.  Intentionally concealing the hole with a piece of plywood;

u.  Violating OSHA rules and regulations including but not limited to:

    i.  29 CFR 1926.501(a);

    ii.  29 CFR 1926.501(b)(4);

    iii.  29 CFR 1926.502 (a);

    iv.  29 CFR 1926.502 (b)(11);

    v.  29 CFR 1926.502 (i)(2);

    vi.  29 CFR 1926.502 (i)(4);

       vii.  29 CFR 1910.21;

      viii.  29 CFR 1910.22 (a);

       ix.  29 CFR 1910.28(b)(3)(i)(A);

       x.  29 CFR 1910.28(b)(3)(i)(B);

       xi.  29 CFR 1910.29.

80. The Defendant knew, or by the exercise of reasonable care should have known, of the dangerous condition of the Property.

81. The Defendant knew, or by the exercise of reasonable care should have known, that the dangerous condition created an unreasonable risk of harm to invitees upon the Property, including the Plaintiff.

82. The Defendant should have expected that the invitees lawfully upon the Property, including the Plaintiff, would not discover or realize the dangerous condition.

83. The Defendant knew or should have expected that the invitees lawfully upon the Property, including the Plaintiff, would not be able to protect themselves from the dangerous condition.

84. The Plaintiff did not know or have reason to know of the dangerous condition and the risk involved.

85. The Plaintiff's injuries were a direct and proximate result of the carelessness and negligence of the Defendants as described herein and were in no matter due to any act or omission on the part of the Plaintiff.

**WHEREFORE**, Plaintiff demands judgment in his favor and against the Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with costs, interest and other relief as this Court deems to be proper and just.

**COUNT III**
**NEGLIGENCE**
**PLAINTIFF DAVID SCHOOLEY v. DEFENDANT COMMONWEALTH**

86. Plaintiff incorporates the preceding paragraphs as though set forth at length herein.

87. At all times material hereto, Plaintiff was a business invitee lawfully upon the Property.

88. At all times material hereto Commonwealth acted and/or failed to act by and through its agents, servants, workmen, and/or employees who were at all times material hereto acting and/or failing to act in the course and scope of his/her/their employment with Defendant Commonwealth.

89. Defendant Commonwealth is therefore vicariously liable for the acts and/or omissions its agents, servants, workmen, and/or employees.

90. As of August 6, 2019, Defendant Commonwealth owned, managed, maintained, and/or controlled the Property.

91. The Defendant Commonwealth had a duty to keep its business invitees safe and free from harm.

92. The Defendant Commonwealth as the owner of the Property, had a duty to use reasonable care to make the Property safe and/or warn the Plaintiff of the dangerous condition of the Property.

93. The Defendant Commonwealth, as the owner of the Property, also had a duty to use reasonable care to discover and/or inspect for dangerous conditions.

94. Plaintiff was a business invitee lawfully upon the Property on August 6, 2019 when he sustained serious bodily injuries.

95. The injuries sustained by the Plaintiff were caused by the careless and negligent acts and/or omissions of the Defendant Commonwealth and/or its agents, servants, workmen, and/or employees who breached its duties owed to the Plaintiff as a business invitee.

96. Defendant Commonwealth was careless and negligent in the following particular respects:

   a. Failing to use reasonable care to make the Property safe;

   b. Failing to warn the Plaintiff of the dangerous condition on the Property;

   c. Failing to use reasonable care to discover the dangerous condition;

   d. Failing to use reasonable care to inspect for dangerous conditions upon the Property;

   e. Creating the existence of a dangerous, hazardous, and unsafe condition on the Property;

   f. Permitting the existence of a dangerous, hazardous, and unsafe condition on the Property;

   g. Failing to exercise reasonable care to protect invitees lawfully upon the Property, including the Plaintiff, of the dangerous, hazardous, and unsafe condition of the Property;

   h. Failing to take measures to alleviate the dangerous condition of the Property;

   i. Failing to exercise reasonable care to make the dangerous condition safe.

   j. Failing to adequately inspect the Property;

   k. Failing to maintain the Property in a reasonably safe condition;

   l. Failing to warn Plaintiff of the aforementioned dangerous, hazardous, and unsafe condition of the Property;

16

m.  Failing to warn Plaintiff of the aforementioned dangerous, hazardous, and unsafe condition of the plywood;

n.  Failing to warn Plaintiff that the plywood covered a hole;

o.  Failing to fill the hole which Defendant knew caused a dangerous, hazardous, and unsafe condition;

p.  Failing to adequately protect persons upon the Property, including the Plaintiff, from the hole by using a deteriorating, dilapidated, flimsy, weak, to cover the hole;

q.  Failing to adequately protect persons upon the Property, including the Plaintiff, from the hole by a piece of plywood of insufficient strength to support the weight of an individual stepping on the plywood;

r.  Failing to place proper and adequate warning signs near the hole;

s.  Failing to use cones, tape, barriers, signs, or other adequate safety measures to warn persons upon the Premises, including the Plaintiff of the dangerous condition;

t.  Failing to inform and/or notify Defendant EIG and/or Defendant JJA and/or Defendant City and/or Defendant PennDOT of the dangerous condition and its need to be cured;

u.  Negligently hiring and/or retaining Defendant EIG and/or Defendant JJA and/or Defendant City and/or Defendant PennDOT to perform the work on the I-95 Project;

v.  Negligently entrusting the Property to the Defendant EIG and/or Defendant JJA and/or Defendant City and/or Defendant PennDOT;

w.  Discharging its obligations as owner of the Property to the Defendant EIG and/or Defendant JJA and/or Defendant City and/or Defendant PennDOT who Defendant knew and/or had reason to know were negligent and careless in their maintenance of work sites and/or construction sites;

x.  Intentionally concealing the hole with a piece of plywood.

97. The Defendant knew, or by the exercise of reasonable care should have known, of the dangerous condition of the Property.

98. The Defendant knew, or by the exercise of reasonable care should have known, that the dangerous condition created an unreasonable risk of harm to invitees upon the Property, including the Plaintiff.

99. The Defendant should have expected that the invitees lawfully upon the Property, including the Plaintiff, would not discover or realize the dangerous condition.

100.     The Defendant knew or should have expected that the invitees lawfully upon the Property, including the Plaintiff, would not be able to protect themselves from the dangerous condition.

101. The Plaintiff did not know or have reason to know of the dangerous condition and the risk involved.

102. The Plaintiff's injuries were a direct and proximate result of the carelessness and negligence of the Defendants as described herein and were in no matter due to any act or omission on the part of the Plaintiff.

**WHEREFORE**, Plaintiff demands judgment in his favor and against the Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with costs, interest and other relief as this Court deems to be proper and just.

## COUNT IV
## NEGLIGENCE
## <u>PLAINTIFF DAVID SCHOOLEY v. DEFENDANT PennDOT</u>

103. Plaintiff incorporates the preceding paragraphs as though set forth at length herein.

104. At all times material hereto, Plaintiff was a business invitee lawfully upon the Property.

105. At all times material hereto PennDOT acted and/or failed to act by and through its agents, servants, workmen, and/or employees who were at all times material hereto acting and/or failing to act in the course and scope of his/her/their employment with Defendant PennDOT.

106. Defendant PennDOT is therefore vicariously liable for the acts and/or omissions its agents, servants, workmen, and/or employees.

107. As of August 6, 2019, Defendant PennDOT managed, maintained, possessed and/or controlled the Property.

108. The Defendant PennDOT had a duty to keep its business invitees safe and free from harm.

109. The Defendant PennDOT as the possessor of the Property, had a duty to use reasonable care to make the Property safe and/or warn the Plaintiff of the dangerous condition of the Property.

110. The Defendant PennDOT, as the possessor of the Property, also had a duty to use reasonable care to discover and/or inspect for dangerous conditions.

111. Plaintiff was a business invitee lawfully upon the Property on August 6, 2019 when he sustained serious bodily injuries.

112. The injuries sustained by the Plaintiff were caused by the careless and negligent acts and/or omissions of the Defendant PennDOT and/or its agents, servants, workmen, and/or employees who breached its duties owed to the Plaintiff as a business invitee.

113.  Defendant PennDOT was careless and negligent in the following particular respects:

    a.  Failing to use reasonable care to make the Property safe;

    b.  Failing to warn the Plaintiff of the dangerous condition on the Property;

    c.  Failing to use reasonable care to discover the dangerous condition;

    d.  Failing to use reasonable care to inspect for dangerous conditions upon the Property;

    e.  Creating the existence of a dangerous, hazardous, and unsafe condition on the Property;

    f.  Permitting the existence of a dangerous, hazardous, and unsafe condition on the Property;

    g.  Failing to exercise reasonable care to protect invitees lawfully upon the Property, including the Plaintiff, of the dangerous, hazardous, and unsafe condition of the Property;

    h.  Failing to take measures to alleviate the dangerous condition of the Property;

    i.  Failing to exercise reasonable care to make the dangerous condition safe.

    j.  Failing to adequately inspect the Property;

    k.  Failing to maintain the Property in a reasonably safe condition;

    l.  Failing to warn Plaintiff of the aforementioned dangerous, hazardous, and unsafe condition of the Property;

    m.  Failing to warn Plaintiff of the aforementioned dangerous, hazardous, and unsafe condition of the plywood;

n.   Failing to warn Plaintiff that the plywood covered a hole;

o.   Failing to fill the hole which Defendant knew caused a dangerous, hazardous, and unsafe condition;

p.   Failing to adequately protect persons upon the Property, including the Plaintiff, from the hole by using a deteriorating, dilapidated, flimsy, weak, to cover the hole;

q.   Failing to adequately protect persons upon the Property, including the Plaintiff, from the hole by a piece of plywood of insufficient strength to support the weight of an individual stepping on the plywood;

r.   Failing to place proper and adequate warning signs near the hole;

s.   Failing to use cones, tape, barriers, signs, or other adequate safety measures to warn persons upon the Premises, including the Plaintiff of the dangerous condition;

t.   Failing to inform and/or notify Defendant EIG and/or Defendant JJA and/or Defendant PennDOT of the dangerous condition and its need to be cured;

u.   Negligently hiring and/or retaining Defendant EIG and/or Defendant JJA and/or to perform the work on the I-95 Project;

v.   Negligently entrusting the Property to the Defendant EIG and/or Defendant JJA;

w.   Discharging its obligations as the possessor of the Property to the Defendant EIG and/or Defendant JJA who Defendant knew and/or had reason to know were negligent and careless in their maintenance of work sites and/or construction sites; and

x.   Intentionally concealing the hole with a piece of plywood.

114. The Defendant knew, or by the exercise of reasonable care should have known, of the dangerous condition of the Property.

115. The Defendant knew, or by the exercise of reasonable care should have known, that the dangerous condition created an unreasonable risk of harm to invitees upon the Property, including the Plaintiff.

116. The Defendant should have expected that the invitees lawfully upon the Property, including the Plaintiff, would not discover or realize the dangerous condition.

117. The Defendant knew or should have expected that the invitees lawfully upon the Property, including the Plaintiff, would not be able to protect themselves from the dangerous condition.

118. The Plaintiff did not know or have reason to know of the dangerous condition and the risk involved.

119. The Plaintiff's injuries were a direct and proximate result of the carelessness and negligence of the Defendants as described herein and were in no matter due to any act or omission on the part of the Plaintiff.

**WHEREFORE**, Plaintiff demands judgment in his favor and against the Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with costs, interest and other relief as this Court deems to be proper and just.

**COUNT V**
**NEGLIGENCE**
**PLAINTIFF DAVID SCHOOLEY v. DEFENDANT CITY**

120. Plaintiff incorporates the preceding paragraphs as though set forth at length herein.

121. At all times material hereto, Plaintiff was a business invitee lawfully upon the Property.

122. At all times material hereto City acted and/or failed to act by and through its agents, servants, workmen, and/or employees who were at all times material hereto acting and/or failing to act in the course and scope of his/her/their employment with Defendant City.

123. Defendant City is therefore vicariously liable for the acts and/or omissions its agents, servants, workmen, and/or employees.

124. As of August 6, 2019, Defendant City owned, managed, maintained, and/or controlled the Property.

125. The Defendant City had a duty to keep its business invitees safe and free from harm.

126. The Defendant City as the owner of the Property, had a duty to use reasonable care to make the Property safe and/or warn the Plaintiff of the dangerous condition of the Property.

127. The Defendant City, as the owner of the Property, also had a duty to use reasonable care to discover and/or inspect for dangerous conditions.

128. Plaintiff was a business invitee lawfully upon the Property on August 6, 2019 when he sustained serious bodily injuries.

129. The injuries sustained by the Plaintiff were caused by the careless and negligent acts and/or omissions of the Defendant City and/or its agents, servants, workmen, and/or employees who breached its duties owed to the Plaintiff as a business invitee.

130. Defendant City was careless and negligent in the following particular respects:

   a. Failing to use reasonable care to make the Property safe;

   b. Failing to warn the Plaintiff of the dangerous condition on the Property;

   c. Failing to use reasonable care to discover the dangerous condition;

   d. Failing to use reasonable care to inspect for dangerous conditions upon the Property;

e.   Creating the existence of a dangerous, hazardous, and unsafe condition on the Property;

f.   Permitting the existence of a dangerous, hazardous, and unsafe condition on the Property;

g.   Failing to exercise reasonable care to protect invitees lawfully upon the Property, including the Plaintiff, of the dangerous, hazardous, and unsafe condition of the Property;

h.   Failing to take measures to alleviate the dangerous condition of the Property;

i.   Failing to exercise reasonable care to make the dangerous condition safe.

j.   Failing to adequately inspect the Property;

k.   Failing to maintain the Property in a reasonably safe condition;

l.   Failing to warn Plaintiff of the aforementioned dangerous, hazardous, and unsafe condition of the Property;

m.   Failing to warn Plaintiff of the aforementioned dangerous, hazardous, and unsafe condition of the plywood;

n.   Failing to warn Plaintiff that the plywood covered a hole;

o.   Failing to fill the hole which Defendant knew caused a dangerous, hazardous, and unsafe condition;

p.   Failing to adequately protect persons upon the Property, including the Plaintiff, from the hole by using a deteriorating, dilapidated, flimsy, weak, to cover the hole;

q.   Failing to adequately protect persons upon the Property, including the Plaintiff, from the hole by a piece of plywood of insufficient strength to support the weight of an individual stepping on the plywood;

24

r.   Failing to place proper and adequate warning signs near the hole;

s.   Failing to use cones, tape, barriers, signs, or other adequate safety measures to warn persons upon the Premises, including the Plaintiff of the dangerous condition;

t.   Failing to inform and/or notify Defendant EIG and/or Defendant JJA and/or Defendant PennDOT of the dangerous condition and its need to be cured;

u.   Negligently hiring and/or retaining Defendant EIG and/or Defendant JJA and/or Defendant PennDOT to perform the work on the I-95 Project;

v.   Negligently entrusting the Property to the Defendant EIG and/or Defendant JJA and/or Defendant PennDOT;

w.   Discharging its obligations as owner of the Property to the Defendant EIG and/or Defendant JJA and/or Defendant PennDOT who Defendant knew and/or had reason to know were negligent and carelessin their maintenance of work sites and/or construction sites; and

x.   Intentionally concealing the hole with a piece of plywood.

131. The Defendant knew, or by the exercise of reasonable care should have known, of the dangerous condition of the Property.

132. The Defendant knew, or by the exercise of reasonable care should have known, that the dangerous condition created an unreasonable risk of harm to invitees upon the Property, including the Plaintiff.

133. The Defendant should have expected that the invitees lawfully upon the Property, including the Plaintiff, would not discover or realize the dangerous condition.

134. The Defendant knew or should have expected that the invitees lawfully upon the Property, including the Plaintiff, would not be able to protect themselves from the dangerous condition.

135. The Plaintiff did not know or have reason to know of the dangerous condition and the risk involved.

136. The Plaintiff's injuries were a direct and proximate result of the carelessness and negligence of the Defendants as described herein and were in no matter due to any act or omission on the part of the Plaintiff.

**WHEREFORE**, Plaintiff demands judgment in his favor and against the Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with costs, interest and other relief as this Court deems to be proper and just.

LAW OFFICES OF THOMAS MORE HOLLAND

Date:  9/12/20

*/s/ Kelly A. Trewella*
KELLY A. TREWELLA, ESQUIRE
Attorney ID#: 205814
1522 Locust Street, Grace Hall
Philadelphia, PA 19102
P: 215-592-8080
F: 215-592-8550
C: 484-238-7848
ktrewella@tmhlaw.com